ORIGINAL

KAREN P. HEWITT
United States Attorney
HELEN H. HONG
Assistant United States Attorney
California State Bar No. 235635
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 557-7459

Attorneys for Plaintiff
United States of America

FILED
MAY 1 3 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 10CR1542-LAB-2 |
| Plaintiff, ) | |
| v. ) | PLEA AGREEMENT |
| ) | (Pre-Indictment Fast-Track Program) |
| JESUS ANGEL PAZ-ESTAVILLO (2), ) | |
| Defendant. ) | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Karen P. Hewitt, United States Attorney, and Helen H. Hong, Assistant United States Attorney, and defendant, JESUS ANGEL PAZ-ESTAVILLO, with the advice and consent of Elizabeth M. Barros, counsel for defendant, as follows:

//
//
//
//
//

HHH:rp:4/23/10

Def. Initials JAPE

I

**THE PLEA**

A.  <u>The Charge</u>.  Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

> On or about April 10, 2010, within the Southern District of California, defendant JESUS ANGEL PAZ-ESTAVILLO, with the intent to violate the immigration laws of the United States, did bring or attempt to bring to the United States an alien, namely, Israel Lopez-Ramirez, knowing that said person was an alien, at a place other than a designated port of entry and at a place other than as designated by the Department of Homeland Security; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i) and (v)(II).

**This plea agreement is part of a "package" disposition.  In order for defendant to receive the benefit of this agreement, codefendant(s) ALEXANDRA BUTCHER also must plead guilty at the same time.  See Section VI.E. below.**

B.  <u>No Prosecution on Mandatory Minimum Count</u>.  In exchange for defendant's guilty plea and sentencing on the single-count Information and provided defendant complies fully with all terms of this plea agreement, the Government agrees not to charge him/her with violating 8 U.S.C. § 1324(a)(2)(B)(ii), which, under the facts of this case, carries a three-year mandatory minimum sentence.

C.  <u>Forfeiture</u>.  The defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which the defendant agrees are subject to forfeiture to the United States pursuant to Title 8, United States Code, Section 1324(b).  The defendant further waives his/her right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings.  Defendant

Def. Initials: JAPE
10 CR 1542

warrants and represents as a material fact that all property in which he/she has any interest may be forfeited as described above.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant brought a person who was an alien into the United States at a place other than a designated port of entry or at a place other than as designated by a United States immigration official;

2. Defendant knew that the person was an alien; and,

3. Defendant acted with the intent to violate the United States immigration laws by assisting that person to enter the United States at a time or place other than as designated by a United States immigration official or to otherwise elude United States immigration officials.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On April 10, 2010, defendant aided in bringing in 4 aliens including, Israel Lopez-Ramirez, into the United States from Mexico aboard a boat to Mission Bay, California, by assisting in refueling the boat.

2. Defendant knew that Israel Lopez-Ramirez was an alien.

3. The material witness was paying an unknown amount to others to be brought into the United States illegally and transported illegally to his destination therein.

4. Defendant acted with the intent to violate the United States immigration laws by assisting Israel Lopez-Ramirez to enter the United States at a time or place other than as designated by a United States immigration official or to otherwise elude United States immigration officials.

Def. Initials SAPE
10 CR 1542

III

**PENALTIES**

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

    A.    a maximum 10 years in prison;

    B.    a maximum $250,000.00 fine;

    C.    a mandatory special assessment of $100.00 per count; and

    D.    a term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison all or part of the term of supervised release.

IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS**

Defendant understands that this guilty plea waives the right to:

    A.    continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    B.    a speedy and public trial by jury;

    C.    the assistance of counsel at all stages of trial;

    D.    confront and cross-examine adverse witnesses;

    E.    present evidence and to have witnesses testify on behalf of defendant; and,

    F.    not testify or have any adverse inferences drawn from the failure to testify.

V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will

Def. Initials JAPE
10 CR 1542

1 | continue to provide such information establishing the factual
2 | innocence of defendant.

3 |     Defendant understands that if this case proceeded to trial, the
4 | Government would be required to provide impeachment information
5 | relating to any informants or other witnesses. In addition, if
6 | defendant raised an affirmative defense, the Government would be
7 | required to provide information in its possession that supports such
8 | a defense. Defendant acknowledges, however, that by pleading guilty
9 | defendant will not be provided this information, if any, and
10 | Defendant also waives the right to this information. Finally,
11 | defendant agrees not to attempt to withdraw the guilty plea or to file
12 | a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

E. "Package" Disposition. Further, defendant expressly acknowledges her understanding that the disposition contemplated by this agreement is part of a "package" disposition with her codefendant(s) ALEXANDRA BUTCHER, wherein the Government's obligations under the agreement are conditioned on the performance by defendant and her codefendant(s) of their obligations under the agreement.

## VII

Def. Initials JAPF
10 CRI 542

**AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE**
<u>**SOUTHERN DISTRICT OF CALIFORNIA**</u>

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

### VIII

### <u>APPLICABILITY OF SENTENCING GUIDELINES</u>

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the court may order a presentence report to be prepared by the U.S. Probation Office and that defense counsel and the Government will have an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//
//
//

Def. Initials JA PE
10 CR 1542

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

//
//
//
//

Def. Initials JAPE

10 CR 1542

7

| | | | |
|---|---|---|---|
|1.|Base Offense Level [USSG § 2L1.1(a)(3)]| |12|
|2.|Prior Immigration Felony [USSG § 2L1.1(b)(3)]| |0*|
|3.|Acceptance of Responsibility [USSG § 3E1.1]| |-2|
|4.|Departure for Fast Track [USSG § 5K3.1]| |<u>-2</u>|
| |**Total Offense Level**| |**8**|

\*There is no agreement regarding defendant's criminal history category. However, if defendant has previously sustained a conviction for a felony immigration and naturalization offense, the parties will recommend a +2 adjustment, pursuant to USSG 2L1.1(b)(3)(A). If defendant has previously sustained two or more such felony immigration convictions, the parties will recommend a +4 adjustment, pursuant to USSG 2L1.1(b)(3)(B).

B. <u>ACCEPTANCE OF RESPONSIBILITY</u>

Notwithstanding paragraph A.3 above, the Government will <u>not</u> recommend any adjustment for <u>Acceptance of Responsibility</u> if defendant:

1. Fails to admit a complete factual basis for the plea at the time it is entered, or

2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or

3. Fails to appear in court, or

4. Engages in additional criminal conduct, or

5. Attempts to withdraw the plea, or

6. Refuses to abide by any lawful court order.

7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

//

//

//

Def. Initials JAPE

10 CR 1542

8

C. <u>ADJUSTMENTS; DEPARTURES; AND SENTENCE REDUCTIONS UNDER 18 U.S.C. § 3553</u>

The parties agree that defendant may not request or recommend additional downward adjustments, departures, including criminal history departures under USSG § 4A1.3., and sentence reductions under 18 U.S.C. § 3553, and that the Government may oppose any such downward adjustments, departures and sentence reductions not set forth in Section X, paragraph A above.

D. <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to defendant's Criminal History Category.

E. <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. <u>PARTIES' RECOMMENDATIONS REGARDING CUSTODY</u>

The parties jointly will recommend that defendant be sentenced to 60 days or the low end of the advisory guideline range as calculated by the Government whichever is greater followed by 3 years supervised release.

G. <u>SPECIAL ASSESSMENT</u>

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

//

H.   STIPULATED REMOVAL

If defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the Government may prosecute defendant for any counts, including those with mandatory minimum sentences,

dismissed or not charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## XII

### CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL PERMIT THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE OR SET ASIDE THE PLEA

This plea agreement is based on the understanding that, prior to defendant's sentencing in this case, defendant has not committed or been arrested for any offense not known to the Government prior to defendant's sentencing. This plea agreement is further based on the understanding that defendant has committed no criminal conduct since defendant's arrest on the present charges, and that defendant will commit no additional criminal conduct before sentencing. If defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of any agreement with the Government, the Government will not be bound by the recommendations in this plea agreement, and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

## XIII

### ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XIV

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

11

Def. Initials 
10 CR 1542

## XV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XVI

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

KAREN P. HEWITT
United States Attorney

5/10/10
DATED

HELEN H. HONG
Assistant U.S. Attorney

4/27/10
DATED

ELIZABETH M. BARROS
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

04/27/2010
DATED

JESUS ANGEL PAZ-ESTAVILLO
Defendant